## WILLIAM PERRYMAN v. THE STATE.

No. 1768. Decided October 19, 1898.

| 39 | 577 |
| 39 | 568 |

**Appeal to County Court—Notice of Appeal—Motion to Dismiss—Mandamus.**

Where a motion to dismiss an appeal in the county court was made because no notice of appeal had been given and entered upon the docket in the justice court, Held, a writ of mandamus to compel the justice of the peace to enter the notice, which it was claimed had in fact been given, was properly refused by the county judge. A motion to dismiss an appeal in the county court can not be met by a request for time to prepare a writ of mandamus. Without notice of appeal in the transcript, the county court had no jurisdiction, and mandamus proceedings could

39th Crim. Rep.—37

not confer jurisdiction of the appeal. [But for practice under new law, as to presumptions on appeal with regard to notice of appeal in justice courts, see Acts Twenty-sixth Legislature, p. 233.—Reporter.]

APPEAL from the County Court of Wood. Tried below before Hon. D. W. CROW, County Judge.

Appeal from a judgment dismissing an appeal from the justice to the county court.

. The opinion states the case.

*M. D. Carlock,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted in the justice court of using violent and abusive language against Lizzie Brown, in her presence and hearing, under circumstances reasonably calculated to provoke a breach of the peace. . On the tenth day after the adjournment of the justice court appellant entered into an appeal bond for his appearance before the county court. When the case was called in the county court, the county attorney made his motion to dismiss the appeal, because notice of appeal was not given and entered upon the docket of the justice court, as required by the statute. In opposition to this motion appellant filed an affidavit, signed by his counsel, to the effect that notice of appeal had been given in said justice court by the defendant in person, and that said notice was given within ten days after the rendition of the judgment; and he filed Exhibit A to said affidavit, in the following language: "The State of Texas v. Wm. Perryman. Notice of Appeal. Filed November 22nd, 1897." This, however, was not filed by the justice. In fact, the justice refused to enter upon his docket any notice of appeal, and his reason for so doing was that said notice was not attempted to be given until after the adjournment of his court, which was November 15, 1897.

Appellant also moved the court to postpone the consideration of the motion to dismiss the appeal until he could present a mandamus to compel the justice of the peace to enter the notice of appeal. This was declined. The appeal was dismissed, and a bill of exceptions reserved to this ruling of the court. It is contended before this court that the county judge erred in dismissing the appeal, and in not granting appellant a writ of mandamus pending the appeal in the county court to compel the justice of the peace to enter upon his docket a notice of appeal. In order to attach the jurisdiction of the county court to an appeal from the justice court, the notice of appeal must be given in open court, and entered upon the minutes or dockets of the justice court. See Code Crim. Proc., art. 974. The transcript shows that notice of appeal was not given during the term of the justice court, but was sought to be given subsequent to said adjournment, and the justice, under the circumstances, refused to make the entry. Appellant proposed to show these facts in the county court, in order to avoid the county attorney's motion to dismiss his appeal. This

could not be done. A motion to dismiss an appeal in the county court can not be met by a request for time to prepare a writ of mandamus. Without the notice of appeal in the transcript the county court had not obtained jurisdiction, and mandamus proceedings could not confer jurisdiction, of the appeal. If the facts justify the proceeding, the court upon a proper showing, and within proper time, might issue the writ of mandamus; but the fact that he did issue said writ would not be equivalent to a notice of appeal given in the justice court which would authorize the county court to entertain jurisdiction of the appeal, for, if so, the county court would have jurisdiction, not by virtue of the notice of appeal, but because of the issuance of the writ of mandamus. For a discussion of this question see Truss v. State, 38 Texas Criminal Reports, 291. As presented by the record, the action of the county court was correct, and the judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.

[NOTE.—Appellant's motion for a rehearing was overruled without a written opinion.—Reporter.]